IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED #671207 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv149 |
| DIRECTOR, TDCJ | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Herman Lee Kindred, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a pleading on a form for petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He characterizes his challenge as "Other: Property – Due Process claims." (Dkt. #1 at 2.) Plaintiff did not pay the filing fee for this case and says "Refer to civil action # 6:21cv166 for filing fee." (*Id.* at 1.)

**I. Plaintiff's Claims and Relevant Background**

Plaintiff does not challenge his conviction or any subsequent action affecting his sentence in this case. Instead, he raises two claims of deprivation of property without due process, which is alleged to have occurred at the Michael unit on or about March 6, 2020. (Dkt. #1 at 7.) He identifies several individuals he believes are responsible for the loss of his property and claims "TDCJ policy and procedures were violated by these aforementioned officers." (*Id.*) He also repeatedly references Case No. 6:21cv166, in which he says he provided "further facts," including an affidavit listing all his missing property. (*Id.*)

The Court observes that in *Kindred v. Lumpkin, et al.*, No. 6:21-cv-166, a civil rights action under 42 U.S.C. § 1983 for which the filing fee was paid, Plaintiff alleged, among other things,

1

that he had been denied due process in connection with the confiscation of some of his property. Report and Recommendation at 2, 8–9, *id.* (E.D. Tex. June 3, 2021). The Court dismissed that claim for failure to state a claim upon which relief could be granted. *Id.* at 9, 15, *report and recommendation adopted*, (E.D. Tex. July 28, 2021). Plaintiff did not appeal that dismissal. He now asserts that his current claims rely on the same facts presented under a new legal theory. (Dkt. #1 at 9.)

As relief in this case, Plaintiff seeks the return or reimbursement for his missing property, unspecified compensation for "distresses," and reimbursement of all filing fees, including the filing fee paid for the previous Section 1983 suit, No. 6:21cv166. (*Id.* at 8.)

**II. Discussion and Analysis**

As an initial matter, it is clear that Plaintiff's claims sound not in habeas but in civil rights. Federal law provides "two main avenues to relief on complaints related to imprisonment." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). Challenges to the validity or duration of an inmate's confinement in prison are properly brought as habeas corpus petitions. *Id.* But challenges to the conditions of confinement are properly brought as civil rights claims under Section 1983. *Id.* Plaintiff here does not challenge the validity or duration of his imprisonment. He alleges a violation of his civil rights that occurred as a condition of his confinement. He also seeks equitable and monetary relief that is available under Section 1983, rather than habeas relief that would vacate or modify his criminal sentence.

The fact that Plaintiff wrote these claims and demands on a form for Section 2254 petitions does not change the fact that he brings civil rights claims sounding in Section 1983, for which a $402 filing fee is due. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize

the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."); 28 U.S.C. § 1914(a) and (b) (requiring $350 filing fee for civil suits, plus additional fee prescribed by the Judicial Conference).

Plaintiff has not paid that fee for this case, and he may not be permitted to proceed *in forma pauperis*. Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated at least three strikes prior to filing this lawsuit. *See Kindred v. Bell Cnty., Tex.*, No. 6:93cv350 (W.D. Tex. Nov. 5, 1993) (dismissal, with prejudice, pursuant to 28 U.S.C. § 1915); *Kindred v. Miller*, No. 6:93cv427 (W.D. Tex. June 15, 1994) (frivolous under 28 U.S.C. § 1915, warning issued); *Kindred v. Morriss, et al.*, No. 6:92cv124 (W.D. Tex. Sept. 25, 1992) (dismissal for the failure to state a claim upon which relief can be granted). Accordingly, he is barred from proceeding *in forma pauperis* unless he establishes imminent danger of serious injury.

To meet the imminent danger requirement of Section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v.*

*McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's allegations about an alleged property loss and due process violation more than two years ago clearly do not raise any possibility of imminent danger. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case. Moreover, his payment of a fee for a previous case does not excuse his payment for this or any future lawsuits he might file.

## RECOMMENDATION

The Court should accordingly construe the present action to be brought under 42 U.S.C. § 1983, deny Plaintiff leave to proceed without prepayment under 28 U.S.C. § 1915(g), and summarily dismiss this action unless, within fifteen (15) days, Plaintiff pays the full filing fee of $402.00. The dismissal should be with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $402 filing fee.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 22nd day of April, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE