# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED, #671207, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-149-JDK-KNM |
| | § | |
| DIRECTOR, TDCJ, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Herman Lee Kindred, a Texas Department of Criminal Justice inmate proceeding pro se, filed this lawsuit alleging deprivation of property without due process, along with an application to proceed *in forma pauperis*. Docket Nos. 1, 2. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff filed his claim on a form for habeas petitions pursuant to 28 U.S.C. § 2254. However, on April 22, 2022, Judge Mitchell issued a Report and Recommendation observing that Plaintiff's claims sounded as a civil rights action under 42 U.S.C. § 1983 rather than a habeas action. Docket No. 3. The Report also notes that Plaintiff has already accumulated at least three strikes under 28 U.S.C. § 1915(g) prior to filing this lawsuit—barring Plaintiff from proceeding *in forma pauperis* in any civil case other than a habeas action unless he faces imminent serious physical injury. Accordingly, the Report recommends that the Court dismiss this action with prejudice unless Plaintiff pays the full $402 filing fee. Plaintiff timely

objected. Docket No. 4.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a magistrate judge's report must specifically identify the findings to which he objects. The district judge need not consider frivolous, conclusory, or general objections. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the report do not entitle the party to de novo review. *See U.S. v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, No. 97Civ.3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff's objection focuses on the Court's dismissal of a previous § 1983 suit raising the same property claims. Docket No. 4. Plaintiff argues that he paid the filing fee for that case "in good faith," and that "it should never have been dismissed." *Id.* As the Magistrate Judge's Report observed, the Court dismissed the previous suit in question on July 28, 2021, for failure to state a claim upon which relief could be granted. Docket No. 3 at 1–2 (citing *Kindred v. Lumpkin, et al.*, No. 6:21-cv-166 (E.D. Tex. Jul. 28, 2021)). Plaintiff's disagreement with the outcome of that case does not entitle him to relitigate the same claims in this case, does not convert his property claims to habeas claims, and does not permit him to evade the bar of § 1915(g). Accordingly, Plaintiff's objection does not raise any meritorious reason to allow this case to proceed.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 3) as the opinion of the Court. The Court **ORDERS** the Clerk to revise the docket to indicate that this case was construed as a prisoner civil rights claim under 42 U.S.C. § 1983. The Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2). And Plaintiff's claims are **DISMISSED** with prejudice as to refiling *in forma pauperis* and without prejudice as to refiling upon payment of the full $402 filing fee.

So **ORDERED** and **SIGNED** this **14th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4